960 So.2d 764 (2007)
In re AMENDMENTS TO THE FLORIDA RULES OF JUVENILE PROCEDURE.
No. SC07-1159.
Supreme Court of Florida.
July 12, 2007.
Mary Katherine Wimsett, Chair, Juvenile Court Rules Committee, Gainesville, FL, John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, FL, for Petitioner.
PER CURIAM.
The Florida Bar's Juvenile Court Rules Committee (Committee) has filed an out-of-cycle report proposing amendments to the Florida Rules of Juvenile Procedure to conform the rules to recent legislation. *765 We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(e).
Under the Committee's "fast-track" procedure for considering new legislation, the Committee proposes new form 8.978 (Order Authorizing Child to Secure Depository Financial Services Before the Child's 18th Birthday).[1] The new form is proposed in response to chapter 2007-147, section 4, Laws of Florida, creating new section 743.044, Florida Statutes. This new statute removes the disability of nonage for youths in foster care who have reached the age of sixteen, have been adjudicated dependent, are residing in an out-of-home placement, and have completed a financial literacy class, for the purpose of enabling them to secure depository financial services, such as checking and savings accounts. The statute provides that upon issuance of a court order, such a youth may make and execute all necessary documents, contracts, or agreements to obtain these financial services, and requires the youth to present the order when seeking such services. Ch. 2007-147, § 4, Laws of Fla. The new statute took effect on July 1, 2007. The Executive Committee of The Florida Bar Board of Governors approved the proposed new form by a vote of ten to zero.
After considering the Committee's proposal and reviewing the relevant legislation, we adopt new form 8.978 as proposed by the Committee and reflected in the appendix to this opinion. The new form shall become effective immediately upon the release of this opinion. However, because the Court did not publish the form for comment prior to its adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[2]
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX
FORM 8.978. ORDER AUTHORIZING CHILD TO SECURE DEPOSITORY FINANCIAL SERVICES BEFORE THE CHILD'S 18TH BIRTHDAY
ORDER AUTHORIZING CHILD TO SECURE DEPOSITORY FINANCIAL SERVICES BEFORE THE CHILD'S 18TH BIRTHDAY
THIS CAUSE came before the court to remove the disabilities of nonage of .....(name)....., for the purpose of securing depository financial services, and the court being fully advised in the premises FINDS as follows:
.....(Name)..... is at least 16 years of age, meets the requirements of section *766 743.044, Florida Statutes, and is entitled to the benefits of that statute.
THEREFORE, based on these findings of fact, it is ORDERED AND ADJUDGED that the disabilities of nonage of .....(name)..... are hereby removed for the purpose of securing depository financial services. .....(Name)..... is hereby authorized to make and execute contracts, releases, and all other instruments necessary for the purpose of securing depository financial services. The contracts or other instruments made by .....(name)..... for the purpose of securing depository financial services have the same effect as though they were the obligations of a person who is not a minor.
ORDERED at ................., Florida, on .....(date). . . .
 _________________
 Circuit Judge
Copies to:
NOTES
[1] The Committee has also proposed an amendment to Florida Rule of Juvenile Procedure 8.165. This proposal has been severed from this case and is being addressed in a separate case, In re Amendment to Florida Rule of Juvenile Procedure 8.165(a), No. SC07-1162 (Fla. order filed June 25, 2007).
[2] An original and nine paper copies of all comments must be filed with the Court on or before September 10, 2007, with a certificate of service verifying that a copy has been served on the Committee Chair, Robert W. Mason, 25 N. Market Street, Ste. 200, Jacksonville, FL XXXXX-XXXX, as well as separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until October 1, 2007, to file a response to any comments filed with the Court. Electronic copies of all comments and responses also must be filed in accordance with the Court's administrative order In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).